UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID CARR,<br><br>   Plaintiff,<br><br>   v.<br><br>DANIEL E. CUEVA, et al.,<br><br>   Defendants. | No. 2:24-cv-01680 AC<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently pending before the court is plaintiff's motion for a preliminary injunction. ECF No. 6.

By separate order, the court screened plaintiff's complaint and gave him the option of proceeding immediately on his Eighth Amendment deliberate indifference claim against defendant Dr. Dail, or, of amending his complaint to fix the identified defects with the claim against defendant Cueva.

   I.   Motion for a Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction asking this court to order defendant Cueva, the Warden of the California Medical Facility, to restore his in cell feeding program for 90 days while he exhausts his administrative remedies within the prison on this issue.

Absent such relief, plaintiff contends that he will be denied adequate nutrition.

II. <u>Legal Standards Governing Injunctive Relief</u>

"A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." <u>Sierra On–Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of "a very far-reaching power not to be indulged in except in a case clearly warranting it." <u>Dymo Indus. v. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir. 1964). It is an "'extraordinary and drastic remedy'; it is never awarded as of right." <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008) (citation omitted).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part <u>Winter</u> standard. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the <u>Winter</u> test are also met." <u>Alliance</u>, 632 F.3d at 1131-32. Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." <u>Fidelity Nat. Title Ins. Co. v. Castle</u>, No. C-11-00896-SI, 2011 WL 5882878, *3, 2011 U.S. Dist. LEXIS 135316, *9 (N.D. Cal. Nov. 23, 2011) (citation omitted). The plaintiff, as the moving party, bears the burden of establishing the merits

1 of his or her claims.  See Winter, 555 U.S. 7, 20 (2008).

2     In this case, plaintiff seeks a mandatory injunction requiring the prison warden where he is confined to grant him a chrono for in cell feeding for 90 days.  A mandatory injunction orders a party to take action.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009).  Because a mandatory injunction "'goes well beyond simply maintaining the status quo… [it] is particularly disfavored.'"  Id. (internal alterations omitted).  "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'"  Id. (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

   III.   Analysis

The undersigned recommends that plaintiff's motion for a preliminary injunction be denied for several reasons.  First, the undersigned has screened plaintiff's complaint and determined that it does not state a claim for relief against defendant Cueva who is the subject of the preliminary injunction motion.  As a result, defendant Cueva will not be served with the complaint and will not be required to respond at this juncture.  An injunction against an individual who is not a party to the action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Secondly, although plaintiff alleges that he will not receive sufficient nutrition without injunctive relief, he has not provided any evidence to substantiate these allegations.  See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").  Even plaintiff's complaint does not contain any evidence that he has previously been granted in cell feeding due to his medical condition.  Absent such evidence, plaintiff does not meet the standard for issuance of a preliminary injunction.  See Stormans, Inc. v. Selecky, 586 F.3d at 1127.

For all these reasons, it is recommended that plaintiff's motion for a preliminary injunction be denied.

/////

      IV.    <u>Plain Language Summary for Party Proceeding Without an Attorney</u>

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned magistrate judge is recommending that your motion for a preliminary injunctive relief be denied. If you do not agree with this decision, you have 21 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will make the final decision.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a ruling on his motion for a preliminary injunction (ECF No. 9) is GRANTED based on the recommendation contained herein.

2. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 10, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE