1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL DAVID CARR,                          No. 2:24-cv-01680 AC

12                    Plaintiff,

13          v.                                 ORDER

14   DANIEL E. CUEVA, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18   without a lawyer.  He has requested leave to proceed without paying the full filing fee for this

19   action based on 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20   afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21   proceed in forma pauperis is granted.[1]

22          On September 12, 2024, plaintiff submitted a complete copy of his signed complaint.

23   ECF No. 10.  He also filed a motion to refile his original complaint, or, in the alternative, a

24   request for leave to amend his complaint.  ECF No. 8.  As explained in this court's August 23,

25   ───────────────────────

26   [1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
     are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As
     part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust

27   account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly
     payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.

28   These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

                                              1

2024 order, plaintiff did not properly initiate this action because his complaint was not signed. Since plaintiff has remedied this defect, the court will strike the partial complaint (ECF No. 1) as filed in error, and will grant plaintiff's motion.  The court will proceed to screen the signed complaint.  ECF No. 10.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations in the Complaint

Plaintiff suffers from an incurable degenerative disc disease.  While an inmate at the California Medical Facility, Dr. Cody Dail, a defendant in this action, refused to renew plaintiff's chrono for in cell feeding even though it had been approved by three prior doctors for the prior four years.  Without this chrono, plaintiff does not receive a morning meal because his medical

2

1   condition makes it impossible for him to go to the morning chow hall on time.  As a result,

2   plaintiff has suffered from hunger, weakness, light headedness, panic attacks, and weight loss.

3   Plaintiff contends that defendant Dail was deliberately indifferent to his serious medical needs

4   and adequate nutrition in violation of the Eighth Amendment.

5          Plaintiff also names Daniel Cueva, the prison warden, as an additional defendant in this

6   action.  As preliminary injunctive relief, plaintiff requests the court to order Warden Cueva to

7   restore plaintiff's in cell feeding for 90 days.

8          III.    Claims for Which a Response Will Be Required

9          After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

10  plaintiff has adequately stated an Eighth Amendment claim of deliberate indifference to

11  plaintiff's nutritional needs against defendant Dr. Dail.

12         IV.    Failure to State a Claim

13         However, the allegations in the complaint are not sufficient to state any claim for relief

14  against Daniel Cueva in his capacity as the prison warden.  Government officials may not be held

15  liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.

16  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability"

17  is a misnomer. Absent vicarious liability, each Government official, his or her title

18  notwithstanding is only liable for his or her own misconduct.").  To state a claim against a

19  supervisor, plaintiff must allege some facts indicating that the defendant either personally

20  participated in or directed the alleged deprivation of constitutional rights, or knew of the

21  violations and failed to act to prevent them.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

22  The complaint does not contain any facts demonstrating that defendant Cueva either directed or

23  personally participated in the rejection of plaintiff's in cell feeding chrono.  Plaintiff will be given

24  the chance to include any such facts involving defendant Cueva in an amended complaint.

25         **Therefore, plaintiff has a choice to make.  He may proceed immediately against**

26  **defendant Dr. Dail on the Eighth Amendment deliberate indifference claim, or he may try**

27  **to fix the remaining claim against defendant Cueva by filing a first amended complaint.**

28  **After making his choice,  plaintiff must return the attached Notice of Election form to the**

1 | **court within 21 days from the date he receives this order.**

2 |       If plaintiff elects to proceed against defendant Dr. Dail without amending the complaint,

3 | the court will proceed to serve the complaint.  By choosing this option, plaintiff will be agreeing

4 | to voluntarily dismiss defendant Cueva.  If plaintiff chooses to amend the complaint, he will be

5 | given time to file an amended complaint.

6 |       V.    <u>Plain Language Summary for Party Proceeding Without a Lawyer</u>

7 |       Some of the allegations in the complaint state claims against the defendants and some do

8 | not.  You have a choice to make.  You may either (1) proceed immediately on your Eighth

9 | Amendment deliberate indifference claim against Dr. Dail; or, (2) try to amend the complaint.  If

10 | you want to go forward without amending the complaint, you will be voluntarily dismissing

11 | without prejudice your claim against defendant Cueva.  Once you decide, you must complete the

12 | attached Notice of Election form and return it to the court within 21 days.

13 |       To decide whether to amend your complaint, the court has attached the relevant legal

14 | standards that may govern your claims for relief.  <u>See</u> Attachment A.  Pay particular attention to

15 | these standards if you choose to file an amended complaint.

16 |       In accordance with the above, IT IS HEREBY ORDERED that:

17 |       1.  Plaintiff's motion to refile his original complaint (ECF No. 8) is GRANTED.

18 |       2.  The partial complaint (ECF No. 1) is stricken from the docket as filed in error.

19 |       3.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is GRANTED.

20 |       4.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22 | § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23 | appropriate agency filed concurrently herewith.

24 |       5.  Plaintiff's claims against defendant Cueva do not state a claim for which relief can be

25 | granted.

26 |       6.  Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate

27 | indifference claim against defendant Dr. Dail as set forth in Section III above, or to amend the

28 | complaint.

7.   Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendant Cueva.

DATED: October 10, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   PAUL DAVID CARR,                          No.  2:24-cv-01680-AC
12                   Plaintiff,
13        v.                                    NOTICE OF ELECTION
14   DANIEL E. CUEVA, et al.,
15                   Defendants.
16
17        Check one:
18   _____  Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference
19          claim against defendant Dr. Dail without amending the complaint.  Plaintiff understands
20          that by going forward without amending the complaint he is voluntarily dismissing
21          without prejudice defendant Cueva pursuant to Federal Rule of Civil Procedure 41(a).
22
23   _____  Plaintiff wants time to amend the complaint.
24
25   DATED:_____
26                                         _____
                                           Paul David Carr,
27                                         Plaintiff
28
                                           1

1

2                                    Attachment A

3          This Attachment provides, for informational purposes only, the legal standards that may

4    apply to your claims for relief.  Pay particular attention to these standards if you choose to file an

5    amended complaint.

6          I.      Legal Standards Governing Amended Complaints

7          If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

8    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

9    423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named

10   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

11   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

12   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

13   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

14   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

15   268 (9th Cir. 1982) (citations omitted).

16         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

17   his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an

18   amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

19   (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.

20   2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

21         II.     Legal Standards Governing Substantive Claims for Relief

22                 A.  Linkage Requirement

23         The civil rights statute requires that there be an actual connection or link between the

24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

27   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

28   in another's affirmative acts or omits to perform an act which he is legally required to do that

                                             1

1   causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

2   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

3   link each named defendant with some affirmative act or omission that demonstrates a violation of

4   plaintiff's federal rights.

5              B.  Eighth Amendment Deliberate Indifference Standard

6         Denial or delay of medical care for a prisoner's serious medical needs may constitute a

7   violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

8   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

9   deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

10  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

11  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

12        In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

13  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

14  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

15  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

16  condition could result in further significant injury or the 'unnecessary and wanton infliction of

17  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

18  existence of an injury that a reasonable doctor or patient would find important and worthy of

19  comment or treatment; the presence of a medical condition that significantly affects an

20  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

21  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

22        Second, the plaintiff must show the defendant's response to the need was deliberately

23  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

24  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

25  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

26  which the inference could be drawn that a substantial risk of serious harm exists," but that person

27  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

28  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

2

showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

3