1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL DAVID CARR,                          No.  2:24-cv-01680 DJC AC P

12                     Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14    DANIEL E. CUEVA, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983

18    without a lawyer.  This matter was referred to a United States Magistrate Judge pursuant to 28

19    U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons stated below, the undersigned

20    recommends plaintiff's motion for a temporary restraining order be denied.

21       I.    Background

22             A.   The Complaint

23          Plaintiff alleged that defendant Dr. Dail was deliberately indifferent to plaintiff's

24    nutritional needs when defendant refused to renew plaintiff's chrono for in cell feeding even

25    though it had been approved by three prior doctors for the previous four years.  ECF No. 10 at 5.

26    Plaintiff named defendant Cueva, the prison warden, as an additional defendant but did not allege

27    facts against him.

28    ////

                                       1

The court screened plaintiff's complaint and gave him the options of proceeding immediately on his Eighth Amendment deliberate indifference claim against defendant Dr. Dail, or amending his complaint to fix the identified defects with the claim against defendant Cueva. ECF No. 12.  Plaintiff elected to amend his complaint and has since requested two extensions of time.  ECF Nos. 17, 19, 23.  The court granted both requests.  ECF Nos. 20, 24.  The amended complaint is due February 24, 2025.  See ECF No. 24.

### B.  Motion for Preliminary Injunction

In August 2024, plaintiff moved for a preliminary injunction asking the court to (1) enjoin "Defendants and their employees, agents and persons acting with them or on their behalf, from withholding adequate nutrition from Defendant" and (2) order "Defendant to reestablish his well established cell feeding regimen for 90 days."  ECF No. 6 at 2.  On October 11, 2024, the undersigned issued findings and recommendations recommending denial of plaintiff's motion because "the undersigned has screened the complaint and determined that it does not state a claim for relief against defendant Cueva who is the subject of the preliminary injunction motion," and "although plaintiff alleges that he will not receive sufficient nutrition without injunctive relief, he has not provided any evidence to substantiate these allegations."  ECF No. 11 at 3.  On January 10, 2025, the district judge adopted the undersigned recommendation in full.  ECF No. 22.

### C.  Motion for Temporary Restraining Order[1]

Currently pending before the undersigned is plaintiff's motion for a temporary restraining order, filed in December 2024.  ECF No. 21.  This is plaintiff's second request for preliminary relief.  Like the motion for preliminary injunction, the motion for temporary restraining order asks the court to (1) enjoin "defendants and their employees, agents, and persons acting with them, or on their behalf, from confiscating plaintiff's one meal per day outside of chowhall," id. at 2; see also ECF No. 21-2 at 4; and (2) "order the restoration of [plaintiff's] cell feeding with a 90 day preliminary injunction,"  ECF No. 21-2 at 4; see also ECF No. 21-3 at 6.  Plaintiff's current motion also seeks to enjoin the California Department of Corrections and Rehabilitation

---

[1]  Plaintiff re-filed the same motion in January 2025.  See ECF No. 26.

("CDCR") and the California Medical Facility ("CMF") "from engaging in further retaliatory actions," ECF No. 21-2 at 3-4; see also ECF No. 21-3 at 6.

D.   Motion for Reconsideration[2]

Plaintiff has also filed a motion for reconsideration of the district judge's adoption of the magistrate judge's findings and recommendations regarding plaintiff's motion for preliminary injunction.  ECF No. 25.  Plaintiff claims that since he filed the motion for temporary restraining order, CMF has continued its campaign to withhold food from plaintiff causing him to become anemic.  Id. at 2.  The motion for reconsideration is currently pending before the district judge. Nonetheless, to the extent plaintiff motion was also intended to amend or supplement his pending motion for temporary restraining order, the magistrate judge will consider these additional allegations in making a recommendation on the motion for temporary restraining order.

II.   Legal Standards Governing Injunctive Relief

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing and the standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an

---

[2]  Plaintiff also seeks clarification of whether the district judge's order adopting the magistrate judge's recommendation for denial of a preliminary injunction also resolved plaintiff's motion for temporary restraining order.  See ECF No. 25 at 2.  Plaintiff is informed that, prior to today, neither the magistrate judge nor the district judge has ruled on plaintiff's motion for temporary restraining order, filed in December 2024.

3

1  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

2  2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations

3  omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated

4  into the Supreme Court's four-part Winter standard. Alliance for the Wild Rockies v. Cottrell,

5  632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a

6  stronger showing of one element to offset a weaker showing of another element). "In other

7  words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the

8  plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test

9  are also met." Id. at 1132.

10      The plaintiff, as the moving party, bears the burden of establishing the merits of his or her

11  claims. See Winter, 555 U.S. at 20. Additionally, "[t]hose seeking injunctive relief must proffer

12  evidence sufficient to establish a likelihood of irreparable harm." Herb Reed Enterprises, LLC v.

13  Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013).

14      Because the function of a preliminary injunction and temporary restraining order is to

15  preserve the status quo pending a determination on the merits, Chalk v. United States Dist. Court,

16  840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to *alter*

17  rather than maintain the status quo, Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir.

18  1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to heightened

19  scrutiny and should not be issued unless the facts and law clearly favor the moving party"). "In

20  general, mandatory injunctions 'are not granted unless extreme or very serious damage will result

21  and are not issued in doubtful cases or where the injury complained of is capable of compensation

22  in damages.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879

23  (9th Cir. 2009) (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

24      Additionally, in cases brought by prisoners involving conditions of confinement,

25  any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct

26  the harm the court finds requires preliminary relief, and be the least intrusive means necessary to

27  correct that harm." 18 U.S.C. § 3626(a)(2).

28  ////

4

1    III.    Analysis

2        The undersigned recommends denial of plaintiff's motion for a temporary restraining

3    order.  The court previously screened plaintiff's complaint and determined that plaintiff had failed

4    to state a claim for relief against anyone other than Dr. Dail.  Because plaintiff has not filed an

5    amended complaint that states cognizable claims against any of the defendants whom plaintiff

6    seeks to enjoin, plaintiff cannot establish a likelihood of success on the merits.  Additionally, the

7    new facts alleged in his motion for temporary restraining order and motion for reconsideration are

8    insufficient to carry plaintiff's burden of establishing irreparable harm.

9        Furthermore, a district court has no authority to grant relief in the form of a preliminary

10    injunction where it has no jurisdiction over the parties.  Price v. City of Stockton, 390 F.3d 1105,

11    1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal

12    jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

13    determine the rights of persons not before the court.") (citation omitted).  To the extent plaintiff

14    seeks an injunction against non-defendants, the court does not have jurisdiction over those

15    individuals unless plaintiff provides facts showing that they are acting "in active concert or

16    participation" with the defendant.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine

17    Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until

18    shown to be in concert or participation.").  Plaintiff has failed to provide any such facts, and even

19    if he had, no defendant has been served.

20        Plaintiff is advised that the undersigned will recommend denial, without further

21    discussion, of any further motions for a temporary restraining order or preliminary injunction

22    filed *prior* to an amended complaint.  If plaintiff files a motion for temporary restraining order or

23    preliminary injunction *concurrently or after* filing an amended complaint, plaintiff is advised that

24    such motions, sought against individuals who are not named in plaintiff's operative complaint,

25    will not be granted because the court lacks jurisdiction.

26    ////

27    ////

28    ////

5

1    IV.    Plain Language Summary for Party Proceeding Without an Attorney

2        Since plaintiff is acting as his own attorney in this case, the court wants to make sure that

3    the words of this order are understood.  The following information is meant to explain this order

4    in plain English and is not intended as legal advice.

5        The undersigned magistrate judge is recommending that your motion for temporary

6    restraining order be denied because you seek an order against individuals whom you have not

7    stated potential claims.  You have also not provided evidence that you have a medical condition

8    that requires an in cell feeding chrono or that you previously had an in cell feeding chrono and

9    that discontinuation of such chrono will result in irreparable harm.

10        If you do not agree with this decision, you have 21 days to explain why it is not correct.

11    Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

12    The district judge assigned to your case will make the final decision.

13    V.    Conclusion

14        IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining

15    order (ECF No. 21) be denied.

16        These findings and recommendations are submitted to the United States District Judge

17    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

18    after being served with these findings and recommendations, plaintiff may file written objections

19    with the court and serve a copy on all parties.  Such a document should be captioned

20    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21    objections shall be served and filed within fourteen days after service of the objections.  Plaintiff

22    is advised that failure to file objections within the specified time may waive the right to appeal the

23    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24    DATED: February 11, 2025

25    ALLISON CLAIRE

26    UNITED STATES MAGISTRATE JUDGE

27

28

6