UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID CARR,<br><br>Plaintiff,<br><br>v.<br><br>CUEVA, et al,<br><br>Defendants. | No. 2:24-cv-1680 DJC AC P<br><br><br>ORDER |

Pending before the court is plaintiff's second motion for a thirty-day extension of time to file objections to the undersigned's February 11, 2025, findings and recommendations. ECF No. 32.

I. Background

In December 2024, plaintiff filed a motion for a temporary restraining order seeking to (1) enjoin "defendants and their employees, agents, and persons acting with them or on their behalf, from confiscating plaintiff's one meal per day outside of chowhall; (2) order the restoration of plaintiff's cell feeding chrono for 90 days; and (3) enjoin the California Department of Corrections ("CDCR") and California Medical Facility ("CMF") from engaging in further retaliatory actions. ECF Nos. 21; 21-2 at 3-4; 21-3 at 6.

On February 11, 2025, the undersigned issued findings and recommendations recommending plaintiff's motion for a temporary restraining order (TRO"), ECF No. 21, be denied because (1) plaintiff had not filed an amended complaint that states cognizable claims

1

1 against any of the defendants whom he seeks to enjoin; (2) plaintiff had not provided evidence
2 that he has a medical condition that requires an in cell feeding chrono or that he previously had an
3 in-cell feeding chrono and that discontinuation of such chrono will result in irreparable harm; and
4 (3) the district court has no authority to grant relief where there is no jurisdiction over the parties.
5 ECF No. 27 at 5, 6.  Plaintiff was also advised that

> the undersigned will recommend denial, without further discussion, of any further motions for a temporary restraining order or preliminary injunction filed prior to an amended complaint.  If plaintiff files a motion for temporary restraining order or preliminary injunction concurrently or after filing an amended complaint, plaintiff is advised that such motions, sought against individuals who are not named in plaintiff's operative complaint, will not be granted because the court lacks jurisdiction.

11 Id.  Plaintiff was given fourteen days to file objections to these recommendations.  Id. at 6.
12         On February 18, 2025, plaintiff filed a first amended complaint ("FAC").  ECF No. 28.
13 Shortly thereafter, plaintiff sought an extension of time to file objections to the undersigned's
14 February 11, 2025, findings and recommendations because plaintiff needed more time to respond.
15 ECF No. 29.  The court granted a thirty-day extension.  ECF No. 30.
16   II.    Motion for Extension of Time to File Objections
17         On April 14, 2025, before the court had time to screen plaintiff's FAC, plaintiff filed a
18 second amended complaint ("SAC") (titled FAC)[1] and a second motion for a thirty-day extension
19 of time to file objections.  ECF No. 31, 32.  Plaintiff claims that because the court has not
20 screened his amended complaint, he cannot respond to the jurisdictional issue raised in the
21 findings and recommendations.  ECF No. 32 at 2.  He also claims that he needs additional time to
22 gather evidence in support of his claims.  Id.
23   III.   Discussion
24         The previously issued findings and recommendations addressed the TRO motion that was
25 filed *in relation to the original complaint*.  The court disagrees that an extension of the objections

---

[1] According to plaintiff, the two amended complaints are the same except for the removal of one defendant in the second amended complaint.  See ECF No. 28 at 4, 15, 16; ECF No. 31 at 4, 15, 16; ECF No. 32 at 2.  Although plaintiff refers to both amended complaints as FACs, for the sake of clarity, the court will refer to the most recently filed FAC, ECF No. 31, as the SAC.

2

period is necessary on grounds that the FAC and SAC have not been screened. The fact that plaintiff has now filed amended complaints does not change the soundness of the recommendation as to the previous motion for a TRO. Instead, it provides plaintiff with an opportunity to file a new TRO motion based on the allegations in the SAC.

To the extent plaintiff believes the filing of the FAC automatically reinstates his TRO motion, he is wrong. Moreover, even if the court could somehow construe the filing of the FAC or SAC and the request for an extension of time to somehow renew plaintiff's TRO motion, the bases for the recommendation to deny plaintiff's motion remain—the court lacks jurisdiction over individuals not named in the operative complaint (i.e. CDCR or CMF) and although plaintiff now claims to have proof of his previous cell feeding regimen to help establish irreparable harm, he has not submitted such proof.

Plaintiff is advised that if he believes he can satisfy the legal standard for a temporary restraining order, he can file a *new* TRO motion against defendants named in the operative complaint. If plaintiff decides to file a new TRO motion, plaintiff should refer back to the legal standard set forth in the undersigned's findings and recommendations. See ECF No. 27 at 3, 4.

Given plaintiff's mistake and need for time to gather evidence in support of his TRO motion, good cause exists to grant plaintiff a final thirty-day extension to file objections. No further extensions of time to file objections will be granted.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 32) is granted; and

2. Plaintiff is granted thirty days from the date of this order in which to file objections to the findings and recommendations. No further extensions of time will be granted.

DATED: April 21, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3