UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID CARR,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL E. CUEVA, et al.,<br><br>  Defendants. | No.  2:24-cv-1680 DJC-AC-P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Background**

On October 11, 2024, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion for preliminary injunction (Mot. PI (ECF No. 6)) be denied.  (ECF No. 11.)  While the findings and recommendations were pending, Plaintiff filed a motion for a temporary restraining order.  (Mot. TRO (ECF No. 21).)  On January 10, 2025, the District Judge adopted the findings and recommendations and denied Plaintiff's motion for preliminary injunction ("January 10th Order").  (Jan. 10 Order (ECF No. 22).)  On February 11, 2025, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's

1

motion for temporary restraining order be denied.  (ECF No. 27.)

Currently pending before the Court are (1) Plaintiff's Motion for Reconsideration of the Court's January 10th Order (Mot. Reconsideration (ECF No. 25),) and (2) the Magistrate Judge's findings and recommendations recommending that Plaintiff's motion for temporary restraining order be denied (ECF No. 27).[1]

## II.     Plaintiff's Motion for Reconsideration of District Judge's Order

In the Motion for Reconsideration, Plaintiff states that he is unclear whether the January 10th Order denying Plaintiff's motion for preliminary injunction also denied Plaintiff's later-filed motion for a temporary restraining order.  (Mot. Reconsideration at 2.)  Plaintiff claims that the new motion for temporary restraining order provides new facts that justify the Motion for Reconsideration.  (*Id.*)  Plaintiff also states that he is refiling his memorandum of law in support of his motion for a temporary restraining order and preliminary injunction, dated December 18, 2024.  (*Id.*)

Based on the statements in the Motion for Reconsideration, it appears Plaintiff is seeking clarification regarding the Court's January 10th Order.  Accordingly, the Court partially construes Plaintiff's Motion for Reconsideration as a Motion for Clarification.  Plaintiff is informed that the Court's January 10th Order only addressed Plaintiff's August 2024 motion for preliminary injunction (ECF No. 6), and did not rule on Plaintiff's December 2024 motion for a temporary restraining order (ECF No. 21).

Next, the Court addresses Plaintiff's Motion for Reconsideration to the extent it is intended as such.  A district court typically has an inherent power to reconsider, rescind, or modify an order for sufficient cause.  *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000); *see also* Fed. R. Civ. P. 54(b) (allowing a district court to revise an interlocutory order); E.D. Cal. L.R. 230(j) (authorizing motions for reconsideration of "any motion [that] has been granted or denied in whole or in

---

[1] On May 16, 2025, Plaintiff filed a new motion for a preliminary injunction or temporary restraining order.  (ECF No. 35.)  For the sake of clarity, Plaintiff is informed that this Order makes no ruling on the new motion, which is pending before the Magistrate Judge.

part."). Generally, reconsideration is appropriate only when controlling law has changed, new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice. *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Kona Enters., Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 1990). Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro,* 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds,* 160 F.3d 1254 (9th Cir. 1998). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotations limited).

Here, Plaintiff has raised three new incidences on which he bases his Motion. Specifically, he cites to a padlock being placed on his food port to prevent other inmates from giving him bread, an incident where he was stopped outside a food hall and ordered to throw away his food and visit with his doctor where his blood lab work showed he was now anemic. (Mot. Reconsideration at 2.) The Court expresses sympathy for Plaintiff's situation. However, these facts do not alter the issues identified in Plaintiff's motion for preliminary injunction such that reconsideration would be warranted. Thus, Plaintiff's Motion for Reconsideration is DENIED.

### III. Plaintiff's Motion for Temporary Restraining Order

As noted above, while the findings and recommendations regarding Plaintiff's motion for a preliminary injunction were pending, Plaintiff filed a motion for a temporary restraining order. The Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion for a temporary restraining

1    order be denied.  (ECF No. 27 at 5.)  The findings and recommendations were served
2    on Plaintiff and contained notice to plaintiff that any objections to the findings and
3    recommendations were to be filed within fourteen days.  (*Id.* at 6.)
4            Plaintiff then filed a first amended complaint and sought an extension of time to
5    file objections.  (ECF Nos. 28, 29).  The Magistrate Judge granted a thirty-day
6    extension.  (ECF No. 30).  In April 2025, the Plaintiff filed a second amended complaint
7    ("SAC") (titled FAC)[2] and a second request for an extension of time to file objections.
8    (ECF No. 32).  The Magistrate Judge granted a final thirty-day extension and advised
9    Plaintiff that the October 2024 findings and recommendations address Plaintiff's
10   motion for preliminary injunction that was filed in relation to the original complaint.
11   Plaintiff was further advised that filing amended complaints does not change the
12   soundness of the recommendations as to the previous motion for an injunction and
13   instead provides Plaintiff an opportunity to file a new motion based on the allegations
14   in the operative (amended) complaint.  (ECF No. 33 at 2–3.)  Lastly, Plaintiff was
15   "advised that if he believes he can satisfy the legal standards for a temporary
16   restraining order, he can file a *new* TRO motion against defendants named in the
17   operative complaint."  (*Id.* at 3.) (emphasis in original).
18           On May 16, 2025, Plaintiff filed a new motion for a temporary restraining order
19   or preliminary injunction.  (ECF No. 35).  There, he states that he is opting to file a new
20   motion and declining to file objections to the court's prior findings and
21   recommendations.  (*Id.* at 2.)  The time to file objections has now passed and Plaintiff
22   has not filed objections to the Magistrate Judge's findings and recommendations
23   (ECF No. 27).
24           The Court has reviewed the file and finds the findings and recommendations to
25   be supported by the record and by the Magistrate Judge's analysis.

---

[2] According to Plaintiff, the two amended complaints are the same except for the removal of one defendant in the SAC.  (*See* ECF No. 28 at 4, 15, 16; ECF No. 31 at 4, 15, 16; ECF No. 32 at 2.)  Although plaintiff refers to both amended complaints as FACs, for the sake of clarity, the court will refer to the most recently filed FAC, (ECF No. 31), as the SAC.

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent the Motion for Reconsideration (ECF No. 25) is construed as a Motion for Clarification, it is GRANTED and to the extent it seeks reconsideration it is DENIED.

2. The Magistrate Judge's findings and recommendations (ECF No. 27) are ADOPTED IN FULL;

3. The Motion for Temporary Restraining Order (ECF No. 21) is DENIED; and

4. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **June 5, 2025**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE