UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID CARR,<br><br>                 Plaintiff,<br><br>        v.<br><br>DANIEL E. CUEVA, et al.,<br><br>                 Defendants. | No.  2:24-cv-1680 DJC AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

I.     Background

On October 2, 2025, the Magistrate Judge issued a screening order in which she found the Third Amended Complaint ("TAC") adequately stated an Eighth Amendment claim for deliberate indifference to plaintiff's nutritional needs against defendants Patterson, Dail, Rodriguez, and Sandoval; ADA and RA claims against defendant CMF and defendant Patterson in her official capacity; and a First Amendment retaliation claim and Fourth Amendment unlawful search claim against defendant Silva.  ECF No. 44 at 5-6.  The Magistrate Judge further found that Plaintiff's allegations in the TAC do no state § 1983 claims against defendants Patterson, Dail,

1

Rodriguez, Sandoval or Silva in their official capacities; an Eighth Amendment claim for deliberate indifference to adequate nutrition against defendant Rodriguez based on defendant Rodriguez's conduct in August 2023; an Eighth Amendment claim for deliberate indifference to plaintiff's risk of contracting COVID-19 against defendant Dail; a Fourteenth Amendment conditions of confinement claim; a Fourteenth Amendment Equal Protection Clause claim against defendant Silva; conspiracy claims under 42 U.S.C. § 1985(2) and/or § 1985(3); and any state law claims. *Id.* at 6-10, 12.

The Magistrate Judge also concurrently filed findings and recommendations recommending that Plaintiff's third motion for preliminary injunction and/or temporary restraining order be denied because the Court lacks authority to grant preliminary injunctive relief and Plaintiff failed to put forth evidence sufficient to establish a likelihood of irreparable harm. ECF No. 45 at 6-11. The findings and recommendations which were served on Plaintiff contained a notice to Plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. *Id.* at 11.

Plaintiff filed objections to the findings and recommendations, which include objections to the magistrate judge's screening order. ECF No. 46. He also filed motions for appointment of mental health and dietician experts. ECF Nos. 47, 48.

II.     Plaintiff's Objections

Plaintiff agrees with the Magistrate Judge's screening order to the extent he agrees to drop the following claims: § 1983 claims against defendants Patterson, Dail, Rodriguez, Sandoval or Silva in their official capacities; an Eighth Amendment claim for deliberate indifference to adequate nutrition against defendant Rodriguez based on defendant Rodriguez's conduct in August 2023; a Fourteenth Amendment conditions of confinement claim; a Fourteenth Amendment Equal Protection Clause claim against defendant Silva; and any state law claims. *Id*. at 1. However, he objects to the extent the Magistrate Judge found he failed to state an Eighth Amendment claim for deliberate indifference to plaintiff's risk of contracting COVID-19 against

defendant Dail and conspiracy claims under 42 U.S.C. § 1985(2) and/or § 1985(3). *Id.* at 1-5. He also objects to the order because the court failed to acknowledge Plaintiff's argument on controlling United States Supreme Court case law. *Id.* at 2, 7.

Plaintiff's objects to the Magistrate Judge's findings and recommendations because he claims his original E-Filing complaint included a request for injunctive relief and he disagrees that he failed to show a likelihood of irreparable harm. *Id.* at 2, 5-7. The Court construes Plaintiff's filing as a request for reconsideration of the Magistrate Judge's screening order filed on October 2, 2025 (ECF No. 44) and objections to the Magistrate Judge's findings and recommendations (ECF No. 45).

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Id. Upon review of the entire file, the Court finds that it does not appear that the Magistrate Judge's October 2, 2025, screening order was clearly erroneous or contrary to law. Accordingly, it will be affirmed.

Plaintiff will have the option to (1) proceed immediately on his First and Fourth Amendment claims against defendant Silva, ADA and RA claims against defendants CMF and Patterson (in her official capacity), and Eighth Amendment deliberate indifference to adequate nutrition claims against defendants Patterson, Dail, Rodriguez, and Sandoval as set for in Section III of the Magistrate Judge's October 2, 2025, screening order, *see* ECF No. 44 at 5, or (2) file a Fourth Amended Complaint for the limited purpose of re-alleging the cognizable claims identified by the Court *and* adding back in his request for injunctive relief.[1]

Also, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of the Magistrate Judge's

---

[1] Although plaintiff's original complaint sough injunctive relief, the Court has informed Plaintiff, on at least three separate occasions, that the court cannot refer to a prior pleading in order to make his amended complaint complete. *See* ECF Nos. 12 at 7, 34 at 9, 44 at 16. As such, if Plaintiff wants to seek injunctive relief in this action, he must state so in a Fourth Amended Complaint.

findings and recommendations regarding Plaintiff's motion for a preliminary injunction or temporary restraining order.  Having carefully reviewed the entire file, the Court finds the Magistrate Judge's October 2, 2025, findings and recommendations to be supported by the record and by proper analysis.

III.  Motions for Appointment of Experts

Plaintiff seeks appointment of a mental health expert and a dietician expert under Federal Rule of Evidence 706 and in the interest of equal justice.  ECF Nos. 47 at 2, 49 at 2.  Plaintiff's motions are denied for the following reasons.

First, although Plaintiff claims he seeks "independent experts," his motions appear to seek appointment of an expert witness for his own benefit—to not rely entirely on defendants' evidence.  See ECF Nos. 47 at 2, 49 at 2.  This Court, however, does not have authority to appoint a neutral expert witness to help support Plaintiff's claims.  *Wilkins v. Barber*, 562 F. Supp. 3d 943, 946 (E.D. Cal. Oct. 27, 2021) (collecting cases) ("Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff.").  Second, Plaintiff fails to demonstrate this action is so complex it requires appointment of a neutral expert witness to assist the trier of fact.  Lastly, these motions are denied as premature.  *Id.* at 947 ("Until the undersigned has had the opportunity to review the evidence and arguments presented by the parties on summary judgment, the undersigned cannot determine whether the issues are so complex as to require the testimony of a neutral expert to assist the trier of fact."); *see also Bruister v. Asuncion*, No. CV-1705106-PSG-RAO, 2018 WL 5903908, at *2 (C.D. Cal. May 30, 2018) (denying motion where case is still at the pleading stage); *Cejas v. Brown*, No. 18-CV-00543 WQH JLB, 2019 WL 3220154, at *2 (S.D. Cal. July 2019) (finding that the plaintiff's motion for appointment of a neutral expert witness was premature since the case was still in its discovery phase).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Magistrate Judge's screening order filed October 2, 2025 (ECF No. 44) is AFFIRMED.  Plaintiff may proceed with the TAC as screened in Section III of the

Magistrate Judge's screening order or file a Fourth Amended Complaint to re-allege the cognizable claims identified in Section III and reincorporate his request for injunctive relief.

2. The Magistrate Judge's findings and recommendations filed October 2, 2025 (ECF No. 45) are ADOPTED in full;

3. Plaintiff's motion for a preliminary injunction and/or temporary restraining order (ECF No. 35) is DENIED.

4. Plaintiff's motions for appointment of experts (ECF Nos. 47, 49) are DENIED.

5. The matter is referred to the Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:  **November 7, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

carr1680.804.jo

5