UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DAVID CARR,

    Plaintiff,

    v.

CUEVA, et al.,

    Defendants.

No. 2:24-cv-1680 DJC AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding without counsel in this civil rights action. Pending before the court are plaintiff's motions for a protective order or injunction and for an extension of time to file a notice of election. ECF Nos. 52, 53.

I.    Background

The court has previously screened three complaints and ruled on three motions for temporary restraining orders and/or preliminary injunctions, three requests for rulings, a motion for reconsideration, two motions to appoint experts, and a motion for a stay. ECF Nos. 11, 12, 22, 27, 37, 38, 44, 45, 51. The court has also granted six motions for extensions of time. ECF Nos. 16, 20, 24, 30, 33, 41.

    A. Screening Order on Third Amended Complaint

Upon screening of the TAC, the undersigned found that plaintiff had sufficiently stated an Eighth Amendment an Eighth Amendment claim of deliberate indifference to plaintiff's

nutritional needs against defendants Patterson, Dail, Rodriguez, and Sandoval; ADA and RA claims against defendant CMF and defendant Patterson in her official capacity; and a First Amendment retaliation claim and Fourth Amendment unlawful search claim against defendant Silva.  ECF No. 44 at 5-6.  The allegations in the TAC, however, were insufficient to state "§ 1983 claims against defendants Patterson, Dail, Rodriguez, Sandoval or Silva in their official capacities; an Eighth Amendment claim for deliberate indifference to plaintiff's nutritional needs against defendant Rodriguez based on conduct in August 2023; an Eighth Amendment claim for deliberate indifference to plaintiff's risk of contracting COVID-19 against defendant Dail; a Fourteenth Amendment conditions of confinement claim; a Fourteenth Amendment Equal Protection Clause claim against defendant Silva; conspiracy claims under 42 U.S.C. § 1985(2) and (3) against any defendant; and any state law claims."  Id. at 6.

Plaintiff filed objections to the magistrate judge's screening order objecting to the extent the magistrate judge found he failed to state an Eighth Amendment claim for deliberate indifference to plaintiff's risk of contracting COVID-19 against defendant Dail and conspiracy claims under 42 U.S.C. § 1985(2) and/or § 1985(3).  ECF No. 46 at 1-5.  He also objected to the order claiming the court failed to acknowledge his argument on controlling United States Supreme Court and Ninth Circuit Court case law.  Id. at 2, 7.

The district judge construed plaintiff's objections to the screening order as request for reconsideration of the magistrate judge's screening order of the TAC.  ECF No. 51 at 3.  The district judge affirmed the magistrate judge's screening order and ordered that the plaintiff may either (1) proceed with the TAC as screened in Section III of the magistrate judge's screening order, or (2) file a Fourth Amended Complaint for the *limited purpose* of re-alleging the cognizable claims identified by the magistrate judge and reincorporate his request for injunctive relief, which was no longer stated in the TAC.  ECF No. 51 at 3-5.

        B.  Ruling on Plaintiff's Third Motion for Temporary and/or Preliminary Injunctive Relief

The undersigned recommended that plaintiff's third motion for a temporary restraining order and/or preliminary injunction be denied because the court lacks authority to grant

preliminary injunctive relief. ECF No. 45 at 5-6. The court explained, "[i]njunctive relief is not 'of the same character' as the monetary relief that would be granted finally if plaintiff were to succeed on his claims in the TAC." Id. at 6. The undersigned further recommended the motion be denied because, even if the court had authority to do so, plaintiff failed to put forth sufficient evidence to establish a likelihood of irreparable harm. Id. at 6-10.

Plaintiff filed objections asserting that his original E-Filing complaint included a request for injunctive relief and that he disagreed that he failed to show a likelihood of irreparable harm. ECF No. 46 at 2, 5-7.

The district judge adopted the magistrate judge's findings and recommendations in full, denying plaintiff's third motion for a temporary restraining order and/or preliminary injunction. ECF No. 51 at 3-4. The court also informed plaintiff that if he wants to seek injunctive relief in this action, he must state so in a Fourth Amended Complaint. Id. at 3 n.1.

II.     Motion for Injunctive Relief

Plaintiff's present motion for a protective order or injunction asks the court "to issue an order prohibiting CMF from transferring Plaintiff, with the exception of medical emergency, for the duration of litigation on this instant matter." ECF No. 52 at 2. In support of his request, plaintiff explains that in 2021, after he filed a civil rights claim against a different facility, he was a victim of retaliatory transfers; that in 2022, he was put in harm's way after a retaliatory transfer; and that inmates at California Medical Facility ("CMF") have informed him that other CMF inmates have been transferred in retaliation for their litigation. Id. at 1. Plaintiff also argues that a transfer from CMF would "frustrate," "impede," and "hamper" his litigation efforts "to a point of futility," and that the decision on this request will impact his decision on how to proceed with this action. Id. at 2-3.

The undersigned construes plaintiff's motion for a protective order or injunction as a fourth motion for preliminary injunctive relief. For the reasons stated below, the undersigned recommends that the motion be denied.

The court has thrice stated the legal standard for a temporary restraining order and/or preliminary injunctive relief in this case. See ECF No. 11 at 2-3; ECF No. 27 at 3-4; ECF No. 45

3

1  at 4-5. As such, it will not repeat it here and will instead refer plaintiff to its prior findings and
2  recommendations. Id.

3  Plaintiff's motion should be denied because the court lacks authority to grant injunctive
4  relief in this action. As the court previously explained, courts have authority to grant relief
5  requested in a motion for a preliminary injunction *if* there is "a sufficient nexus between the
6  claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint
7  itself." Pac. Radiation Oncology, LLC, v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).
8  The nexus between the two is "sufficiently strong where the preliminary injunction would grant
9  '*relief of the same character* as that which may be granted finally.'" Id. (citation omitted)
10  (emphasis added). In denying plaintiff's third motion for temporary or preliminary relief,
11  plaintiff was advised that in order to seek injunctive relief in this action, he *must* amend the
12  complaint to reincorporate his request for injunctive relief. ECF No. 51 at 3 n.1. He cannot seek
13  monetary relief in the operative complaint and injunctive relief in his motion. See ECF No. 45 at
14  5-6 (collecting cases). Because plaintiff has not filed a Fourth Amended Complaint that seeks
15  injunctive relief, the court lacks authority to grant the relief he seeks by motion.

16  Moreover, even if plaintiff files a Fourth Amended Complaint seeking injunctive relief,
17  the court lacks authority to grant the relief he seeks in his fourth motion for a preliminary
18  injunction. As noted above, the TAC states claims for deliberate indifference to plaintiff's
19  nutritional needs against defendants Patterson, Dail, Rodriguez, and Sandoval, violations of the
20  Americans with Disability Act and Rehabilitation Act against defendants CMF and Patterson, and
21  retaliatory and unlawful search claims against defendant Silva. The TAC does not allege any
22  claims of *retaliatory transfer* by any of the named defendants, nor has plaintiff been granted leave
23  to amend his claims. ECF No. 51 at 3-5. "[T]he mere fact that Plaintiff's believes that any
24  transfer would be retaliatory in nature, does not create a sufficient connection to the claims at
25  issue in this action." See Mundy v. Sacramento, No. 1:23-cv-0401 ADA SAB PC, 2023 WL
26  4105246, at *1, 2023 U.S. Dist. LEXIS 106381, at*3-4 (E.D. Cal. June 20, 2023) (the operative
27  complaint alleged claims for inadequate nutrition and inadequate medical care).

28  Because there is not a sufficient nexus between the *claims raised in the motion* (retaliatory

4

transfer) and the *cognizable claims* that the court has stated may proceed in this action, the court cannot grant the relief he seeks. See <u>Sykes v. Galindo</u>, No. 1:23-cv-1770 KES EPG P, 2025 WL 2639851, at *2, 2025 U.S. Dist. LEXIS 180495, at *4 (E.D. Cal. Sept. 15, 2025) (plaintiff's contention in the motion for injunctive relief "that the transfer was retaliatory is insufficiently substantiated and untethered to the retaliation claim in this case—which concerns specific actions taken by defendants after plaintiff filed grievances"); <u>Dalke v. Clark</u>, No. 1:20-cv-0534 AWI SAB P, 2022 WL 538966, at *2, 2022 U.S. Dist. LEXIS 32189, at *5-6 (E.D. Cal. Feb. 23, 2022) ("the Court lacks jurisdiction to issue an order directing prison official to stop a transfer of Plaintiff to a different location based on alleged retaliation because it does not involve the same case or controversy before the Court which involves claims of deliberate indifferent [sic] against Defendants Cardona, Ramos, Alcantar, Vera, and Fugate.").

Finally, even if the court did have jurisdiction to enter an order, plaintiff has no substantive right to be incarcerated at a particular correctional facility or to be or not be transferred from one facility to another one. See <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976). Accordingly, plaintiff's fourth motion for preliminary injunctive relief should be denied.

III.    Motion for Extension of Time and Clarification

Plaintiff motion for extension of time seeks a second extension of time to inform the court whether he would like to proceed on the TAC as screen or amend. ECF No. 53 at 1. Plaintiff explains he seeks this extension to allow the court to rule on his motion for protective order, which will inform how he chooses to proceed, and to allow him time to make this critical decision. <u>Id.</u> at 1-2.

Good cause appearing, the court will grant plaintiff's second motion for an extension of time. Plaintiff will be given thirty days from the day of the district judge's ruling on the findings and recommendations regarding his fourth motion for preliminary injunctive relief (ECF No. 52), to inform the court whether he would like to proceed on the TAC as screened, or file a Fourth Amended Complaint for the limited purpose of *re-alleging* the cognizable claims identified in the

////

////

TAC and *adding* back in his request for injunctive relief.[1]  Because this case has been prolonged by plaintiff's numerous motions, including motions for extensions of time, absent extraordinary circumstances, the court will not grant further extensions of time.

Plaintiff's motion for an extension of time also seeks clarification on the issue of the court's failure to address the controlling Supreme Court and Ninth Circuit case law on the issue of a prisoner's right "to receive food over Title 15's verbage [sic] to 'provide' food."  ECF No. 53.  It appears plaintiff is referring to the Supreme Court decision in Farmer v. Brennan, 511 U.S. 825 (1994), and the Ninth Circuit Court of Appeals decision Foster v. Runnels, 554 F.3d 807 (9th Cir. 2009), which he cited in Attachment A of his complaint and raised in his objections to the court's screening order.  See ECF No. 42 at 9; ECF No. 46 at 7.

Plaintiff is informed that (1) the court does not need to take judicial notice of relevant case law, and (2) the court did consider Farmer and Foster in screening in his Eighth Amendment claims against defendants Patterson, Dail, Rodriguez, and Sandoval.  See ECF No. 44 at 5, 19.  Accordingly, no further consideration is necessary.

Plaintiff is also informed that although the court referred to meals being "provided in the dining hall" when summarizing plaintiff's allegations, it did not "adopt" the verbiage of Title 15 or CDCR HC-DOM, or otherwise suggest that it was applying the standard provided in California regulations or CDCR's operational manual instead of the Eighth Amendment deliberate indifference standard.  Indeed, the court screened out any claims based on state law regulations and or the CDCR DOM.  See Id. at 10.  If plaintiff proceeds with the TAC as screened or realleges his inadequate nutrition claims in the Fourth Amended Complaint, those claims are properly analyzed under the Eighth Amendment case law, which includes Farmer and Foster.

////
////
////
////

---

[1] Plaintiff has not been given leave amend any of the claims in the TAC, nor to add new claims.  See ECF No. 51 at 3-5.

IV.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time (ECF No. 53) is GRANTED.

2. Within thirty days from the day of the district judge's ruling on the motion for preliminary injunctive relief (ECF No. 52), plaintiff shall inform the court whether he would like to proceed with the TAC as screened or file a Fourth Amended Complaint to re-allege the cognizable claims identified by the court in the TAC and reincorporate his request for injunctive relief.

3. If plaintiff does not inform the court of his decision within the time provided, the court will assume that he is choosing to proceed on the TAC as screened and will recommend dismissal without prejudice of plaintiff's § 1983 claims against defendants Patterson, Dail, Rodriguez, Sandoval or Silva in their *official* capacities; Eighth Amendment claim for deliberate indifference to adequate nutrition against defendant Rodriguez based on his conduct in August 2023; Eighth Amendment claim for deliberate indifference to plaintiff's risk of contracting COVID-19 against defendant Dail; Fourteenth Amendment conditions of confinement claim; Fourteenth Amendment Equal Protection Clause claim against defendant Silva; conspiracy claims under 42 U.S.C. § 1985(2) and (3) and state law claims against all defendants. Plaintiff will also be unable to pursue temporary, preliminary, or permanent injunctive relief in this action.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a preliminary injunction (ECF No. 52) be construed as a motion for temporary and/or preliminary injunctive relief and be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

7

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE